Nott, J.
Several questions arose in the progress of this cause which are now made the grounds for a new trial. But the only question which it has become necessary to decide, is whether the action was barred by the statute of limitations? The deed upon which the action is founded bears date the 14th of April 1807. It does not appear by the report when the action was commenced; but it must have been *450 inore than ten years after that time. By the early decisions of our courts it has been held that under a general warranty of title the purchaser may maintain an action against the grantor before eviction if he can shew that he had no title at the time of sale. That question has been so often decided and the rule so long acted upon, that it is now received as the settled law of the land.
Herndon for the motion.
Thomson contra.
Those decisions cannot however be maintained without giving to a general warranty of title the effect of a special warranty of señen. For I consider it a settled rule of the English law that an action cannot be maintained for the breach of a general warranty of title for quiet enjoyment until after eviction. (Shepherds Touchstone 170.3 Saunders 178, notes (7,) (8.) 3 Term. Rep. 584, Dudley vs. Folliott. 14. Johnson 253, Abbott vs. Allen. 2 Do. 123, Vanducan vs. Vanducan. Do. 4, Kelley vs. Wilcox.) If this covenant is to be con» strued a covenent, of señen, then it was broke as soon as it was made, if plaintiffs intestate had no title. (Shepperds Touchstone 170. 2 Johnson 4, Kelley vs. Wilcox.) The cause of action therefore accrued at that time, and the action was barred by the statute long before the action was brought. If is -to be considered as a covenant ior quiet enjoyment* the plaintiffs have no cause of action, because there has been no eviction, and they have not been disturbed in their posses^ sion.
The motion therefore is refused.
Miller for the motion.
Blanding contra.